## King's Estate

D. Yeakel Miller, for petitioner; C. T. Larzelere, for accountant.

HOLLAND, P. J., November 24, 1934.—The petition of D. Yeakel Miller, Esq., attorney for T. Clark King, surviving husband of Rosanna B. King, deceased,

was filed April 6, 1934, setting forth in effect that the said surviving husband had, within the statutory period, delivered to the executor, in full compliance with the statute, his election to take against the will of the above-named decedent, but that the said executor failed to have the said election recorded in the proper offices of the recorders of deeds in which it should have been recorded, and failed to have it filed in the office of the Clerk of the Orphans' Court of Montgomery County, and, having died, the same could not be found amongst his effects, and praying for a citation on all interested parties to show cause why a duplicate original of said election should not be recorded in the offices of the Recorder of Deeds of Philadelphia County, and the Recorder of Deeds of Montgomery County, and thereafter filed in the office of the Clerk of the Orphans' Court of Montgomery County. The citation was awarded as prayed for, and proof of service thereof upon all interested parties who were named in the will of the decedent was filed April 25, 1934. No answer was filed by any of said interested parties.

From the undenied averments in the petition and from the testimony taken April 25, 1934, it appears that the decedent died December 10, 1929, leaving a will dated May 11, 1927, with codicil dated December 7, 1929, all duly probated December 16, 1929, and letters testamentary thereon granted on the same date to Stanley Bennett, the executor therein named. The election of the petitioner, T. Clark King, to take against the decedent's will was in due form, effective in law, executed by him January 14, 1930, and acknowledged before a notary public on the same date. A duplicate original of the said election was offered and admitted in evidence. We find it to be in every respect in compliance with the law to make it effective.

On October 24, 1930, D. Yeakel Miller, Esq., attorney for the petitioner, forwarded the said election, thus properly executed and acknowledged, to the executor, Stanley Bennett, Esq., directed to his office in Philadelphia. A carbon copy of said letter of transmission was offered and admitted in evidence. The postal registry receipt showing the receipt of said letter by the executor was offered and received in evidence, showing that he had personally received the same. In addition thereto, the letter of the said executor to D. Yeakel Miller, Esq., acknowledging the receipt by him under date of October 31, 1930, was received in evidence.

The executor thereafter died, and D. Yeakel Miller, according to his testimony, together with the attorney for the estate of the deceased executor, made a thorough search of the effects and records of the said executor but were unable to find the original of said election.

From the above evidence, it is clear that the surviving husband of the said decedent, well within 1 year from December 16, 1929, the date of the grant of letters testamentary to the executor, executed, acknowledged, and delivered to the said executor his election to take against the will of the decedent.

Section 23(b) of the Wills Act of 1917, as amended by the Act of April 2, 1925, P. L. 117, and the Act of April 24, 1929, P. L. 648, clearly defines the requisite acts to be done by a surviving spouse to accomplish his or her election to take against the will of his or her deceased spouse. The requirement is that the surviving spouse electing to take against the will of the decedent shall "manifest the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent within one year after the issuance of letters testamentary or of administration."

It will be seen therefore that this petitioner fully complied with the law to accomplish his election to take against the decedent's will. We have his election in writing, signed by him, duly acknowledged before a notary public, and delivered to the executor of the estate of the decedent within one year after the issuance of letters testamentary. The letters testamentary were granted December 16, 1929; the election to take against the will was delivered to the executor October 24, 1930, it having been acknowledged and executed January 14, 1930. When he thus delivered the election to the executor, he not only did all that the law required him to do but he did all that it was possible for him to do. It follows therefore that his election was effective as of October 24, 1930, and no neglect on the part of the executor or any other person can interfere with his rights in his wife's estate effected by the election. The recording of the election in the proper recorder of deeds office and the filing thereof in the proper office of the clerk of the orphans' court is regulated by section 23 (e) of the Wills Act of 1917, as amended by the Act of April 24, 1929, P. L. 648, sec. 2. It will be observed that this clause of the section of the act places upon the personal representative of the decedent the duty of recording and filing the election therein required. The deceased executor failed to record or file the election as he should have done. Since his death, one Sarah E. Yerkes has been appointed administratrix d. b. n. c. t. a., and letters have been granted to her. It will be seen, therefore, that the duty properly to record and file the election falls upon her. It will further be seen that this clause of the section of the act does not specify any time limit within which the recording and filing must be done, the election having been perfected by its delivery in due time to the executor. It appears from the evidence that there is real estate of which the decedent died seized in both Philadelphia County and Montgomery County, and the election should therefore be recorded in the office of the recorder of deeds of each county. Thereafter, it should be filed in the office of the Clerk of the Orphans' Court of Montgomery County. We further hold that inasmuch, as we have hereinbefore found, as the petitioner has done all that was required of him and all that he could do to perfect his election by delivering the original thereof to the executor, and that original having been lost by the neglect of the executor who is now deceased, a duplicate original of the election should be recorded and filed as required by law.

And now, November 23, 1934, it is ordered and decreed that Sarah E. Yerkes, administratrix d. b. n. c. t. a. of the estate of Rosanna B. King, deceased, forthwith cause to be recorded in the Office for the Recording of Deeds in Philadelphia County and in the Office for the Recording of Deeds in Montgomery County a duplicate original of the election of T. Clark King, surviving spouse of Rosanna B. King, deceased, to take against her will, the said duplicate original of said election being in evidence in this proceeding, and that she, the said Sarah E. Yerkes, administratrix d. b. n. c. t. a. as aforesaid, cause said duplicate original of said election to be filed in the office of the Clerk of the Orphans' Court of Montgomery County as provided by said section 23 (e) of the Wills Act of 1917, as amended by the Act of 1929, P. L. 648, sec. 2; all costs to be paid out of the estate.